UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21268-JEM

RICHARD ROE 1, RICHARD ROE 2, RICHARD ROE 3, AND RICHARD ROE 4,

Plaintiffs,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"

Defendants.

## PLAINTIFF'S MOTION FOR LEAVE TO TEMPORARILY PROCEED UNDER A PSEUDONYM

Plaintiffs, RICHARD ROE 1, RICHARD ROE 2, RICHARD ROE 3, and RICHARD ROE 4 (collectively, "Plaintiffs"), by and through their undersigned counsel, hereby file this Motion requesting leave to temporarily proceed under a pseudonym until such time as Defendants are on notice of the action, and in support states as follows:

### I.    INTRODUCTION

Unless Plaintiffs are allowed to proceed under a pseudonym, Defendants will be able to discern which marks are at issue in the instant action and with this knowledge, will be capable of evading detection and prosecution for their disregard of United States intellectual property laws. Third parties routinely work in concert with accused counterfeiters to facilitate evading enforcement efforts.

Counterfeiting and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. Undersigned counsel's counterfeiting cases are among those that are flagged by counterfeiters who are warned to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught. See, e.g., "Sriplaw Law represents a personal illustrator, the case information is hidden, and the relevant sellers pay attention!" citing S.D. Fla. case No. 22-cv-60777 (Dimitrouleas, J.) filed by undersigned counsel, accessible at https://sellerdefense.cn/starla-michelle-0505/ (last visited March 9, 2023).[1] Moreover, the underlying Plaintiffs' cases, with their true identities, have been published numerous times on the sellerdefense website shown below:

**Brand side:** DURAN DURAN
**Prosecution Type:** Trademark
**Law firm:** THE BRICKELL IP GROUP, PLLC
**History of incidents:**

| prosecution time | case number | law firm | brand | Brand side |
|---|---|---|---|---|
| 2022/6/9 | 22-cv-61104 | THE BRICKELL IP GROUP, PLLC | DURAN DURAN Duran Duran Band | DURAN DURAN |
| 2022/02/10 | 22-cv-60315 | THE BRICKELL IP GROUP, PLLC | DURAN DURAN Duran Duran Band | DURAN DURAN |
| 2/9/2022 | 22-cv-60314 22-cv-60313 | THE BRICKELL IP GROUP, PLLC | DURAN DURAN Duran Duran Band | DURAN DURAN |

**brand introduction:**
Duran Duran Band (English name: Duran Duran), a super band popular on both sides of the Atlantic in the 1980s, formed an army in Birmingham, England in 1978.

For these reasons, Plaintiffs respectfully request to proceed under pseudonyms until such time that Defendants are on notice of the action.

---

[1] See also, https://sellerdefense.cn/the-mug-with-a-hoop/ and https://sellerdefense.cn/bunch-o-ballons/.

II.     BACKGROUND

On April 3, 2023, Plaintiffs' filed a Complaint alleging federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. (ECF No. 1). Plaintiffs' intend to file an *Ex Parte* Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Motion for TRO"), and an *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants, along with the accompanying supporting memorandum, declarations, and exhibits.

In addition to proceeding under a pseudonym, Plaintiffs intend to file a Motion to Seal Specific Documents and request that the following document under seal: (1) Schedule A to the Complaint[2] (which consists of a list of the e-commerce stores Defendants established via third-party marketplace websites and/or commercial Internet websites along with their seller identification names (the "Seller IDs")). Sealing this portion of the file is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the temporary restraining order. Plaintiffs have learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing or using copies, derivatives, infringements and/or counterfeits of the Plaintiffs' intellectual property rights within this district, without authorization, through various Internet based e-commerce stores, and fully interactive, commercial Internet websites. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information

---

[2] Once the record is unsealed, Plaintiffs will file an Amended Complaint, which will identify and include additional allegations regarding Plaintiffs and Defendants, and which will identify the Plaintiffs' Trademark in the corresponding exhibit.

necessary for defendants, like those named in this case, to evade Plaintiffs' anti-pirating and anti-counterfeiting efforts and hide their ill-gotten gains. If Defendants learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence as well as the hiding and/or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying law and would interfere with this Court's power to grant relief. Once the temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiffs will move to unseal these documents and file an amended complaint to reveal the identities of the plaintiffs.

Permitting Plaintiffs to proceed anonymously will not prejudice Defendants. Once the Court has ruled upon Plaintiffs' *ex parte* Motion for TRO, and Plaintiffs subpoena the third-party payment processors and online marketplaces instructing them to restrain the assets and suspend the Defendant Seller IDs, Plaintiffs will add their names to the docket, and request that all previously sealed documents be unsealed.

### III.  ARGUMENT

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]" See also *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings." (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315(11th Cir. 2011)). But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'" *Id.* (alteration in original) (quoting *Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously. *Id.* at 1247 n.5. The plaintiff must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* at 1247 (quoting *Plaintiff B*, 631 F.3d at 1315-16). The court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* (citing *Plaintiff B*, 631 F.3d at 1316). Two other factors to consider include whether the plaintiff "faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* (citations omitted).

Here, regarding the first step, none of the three prongs apply. This suit does not involve government activity or Plaintiffs' illegal conduct. Nor can it be said that Plaintiffs' disclosure of its real name in this trademark suit constitutes "information of utmost intimacy," which generally involves issues of birth control, abortion, homosexuality, welfare rights of illegitimate children or abandoned families, personal religious beliefs, and some cases of explicit sexual conduct. See *Plaintiff B*, 631 F.3d at 1316, 1317*; S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979). It is also undisputed that Plaintiffs face no threat of physical harm absent anonymity.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendants. See *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n*, 599 F.2d at 713. Here, there is no threat of fundamental unfairness to Defendants in allowing Plaintiffs to *temporarily* proceed under a pseudonym. To the contrary, it is Plaintiffs that potentially suffer economic harm and damage to its reputation by allowing Defendants—whose personal identities are essentially unknown—to become aware of Plaintiffs' identity early enough to allow them to destroy online evidence or evade prosecution.

Other courts have also found exceptional circumstances exist and allowing plaintiffs in similar trademark infringement cases to proceed anonymously. See *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:21-cv-00386; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-05251; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07532; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07480; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07418; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07357; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07307; *XYZ Corporation v. The Partnerships and Unincorporated Associations*

*Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07258; *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*; Northern District of Illinois, Case No. 1:20-cv-07229.

Here, exceptional circumstances likewise warrant permitting Plaintiffs to proceed anonymously. Plaintiffs are members of a famous rock band. If Plaintiffs' identities are known, Defendants will undertake activity designed to frustrate Plaintiffs' efforts to prosecute this action and collect any potential judgment entered against the Defendants. This assertion is based upon Plaintiffs' counsel's previous and current experience in cases involving analogous facts. Specifically, such activity will likely include, without limitation, Defendants: (a) blocking access to their sites in the United States so that trademark-holders are unable to view the Defendants online postings and, therefore, unable to gather important evidence; (b) closing their Defendant Internet Stores and opening up new online stores with new registration and account information in order to evade the action; and (c) transferring assets from their financial accounts, closing those accounts, and reopening new financial accounts so as to avoid asset restraints, leaving Plaintiffs without remedy.

### IV.     CONCLUSION

In view of the foregoing, Plaintiffs respectfully request this Court grant their Motion for Leave to Temporarily Proceed Under a Pseudonym, at least until such time as the Defendant Seller IDs and financial accounts can be restrained, in order to further mitigate the risk of Defendants attempting to evade Plaintiffs' present anti-counterfeiting efforts.

DATED: April 4, 2023                                    Respectfully submitted,

                                        */s/  Joel B. Rothman*
                                        JOEL B. ROTHMAN

Florida Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs*