UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-21268-JEM

RICHARD ROE 1, RICHARD ROE 2, RICHARD ROE 3 AND RICHARD ROE 4,

    Plaintiffs,

v.

THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

    Defendants.

### PLAINTIFFS' MOTION TO SEAL CERTAIN DOCUMENTS CONTAINING IDENTIFYING INFORMATION ABOUT THE PARTIES

Plaintiffs, RICHARD ROE 1, RICHARD ROE 2, RICHARD ROE 3, and RICHARD ROE 4 (collectively "Plaintiffs"), by and through their undersigned counsel, hereby moves this Honorable Court for an order sealing certain documents containing identifying information about the Parties, and as grounds therefore states as follows:

    1.    This is a trademark counterfeiting and infringement case.

    2.    There is good cause to seal the documents that are the subject of this Motion to Seal as set forth herein and the requirements of Local Rule 5.4 have been met.

    3.    Pursuant to S.D. Fla. L.R. 5.4(b)(1), Plaintiff moves this Court for an order sealing the following documents: (1) Complaint, Schedule "A"; and (2) Plaintiffs' Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law.

4. Here, good cause exists to keep the document requested under seal from the public. Plaintiffs have learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing or using copies, derivatives, infringements and/or counterfeits of the Plaintiffs' intellectual property rights within this district, without authorization, through various Internet based e-commerce stores, and fully interactive, commercial Internet websites. Defendants' counterfeiting and infringing activities are causing irreparable injury to Plaintiffs and causing an overall degradation of the reputation and goodwill associated with Plaintiffs' intellectual property.

5. Moreover, these Defendants e-commerce stores are mostly, if not all, foreign Chinese sellers. Counterfeiting and infringement lawsuits like this one are closely monitored by Chinese defendants on websites like www.sellerdefense.cn, social media (QQ, WeChat, etc.), and elsewhere on the internet. Undersigned counsel's counterfeiting cases are among those that are flagged by counterfeiters who are warned to quickly drain their marketplace accounts, clean out their money transfer accounts, change their usernames, and hide their identities to avoid being caught. *See, e.g.*, "Sriplaw Law represents a personal illustrator, the case information is hidden, and the relevant sellers pay attention!" citing S.D. Fla. case No. 22-cv-60777 (Dimitrouleas, J.) filed by undersigned counsel, accessible at https://sellerdefense.cn/starla-michelle-0505/.

6. The www.sellerdefense.cn website and others warn infringers specifically of product types, brands, law firms filing cases, and other information necessary for defendants, like those named in this case, to evade Plaintiffs' anti-pirating and anti-counterfeiting efforts and hide their ill-gotten gains.

7. Temporarily sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiffs' investigation into the operation of their illegal businesses. In light of the illicit nature of the infringing business and the ability of infringers to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiffs have good reason to believe that providing advance notification of Plaintiffs' claims would cause Defendants to hide or transfer their ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. Accordingly, Plaintiffs are seeking *ex parte* relief in this action.

8. As Defendants engage in illegal counterfeiting and infringement activities, Plaintiffs have no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal intellectual property laws.

9. Moreover, Plaintiffs are members of a famous rock band. In an abundance of caution, Plaintiffs' filed its Motion for Leave To Temporarily Proceed Under a Pseudonym, noting that their cases are often published on websites like sellerdefense.cn. (DE 4). Thus, the Complaint as currently filed does not reveal the true identities of the Plaintiffs. However, if the Court grants this Motion to Seal, Plaintiffs' Motion for Temporary Restraining Order will have the necessary identifying information of Plaintiff's identities and trademark for this Court to examine when taking the pending motions under advisement.

10. Plaintiffs request that the documents that are the subject of this Motion remain under seal until the Court has the opportunity to rule on Plaintiffs' request for temporary *ex parte* relief and, if granted, the relief ordered therein has been effectuated. At that time, Plaintiffs will

move to unseal and will make all pleadings and orders filed in this matter available to Defendants.

WHEREFORE, Plaintiffs respectfully prays that this Court enter an Order directing the clerk of court to seal the following documents on filing: (1) Complaint, Schedule "A"; and (2) Plaintiff's Application for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets and Incorporated Memorandum of Law.

DATED: April 7, 2023                          Respectfully submitted,

/s/ Joel B. Rothman
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com
**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs*