**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:23-cv-21268**

| | |
|---|---|
| RICHARD ROE 1, RICHARD ROE 2, RICHARD ROE 3, AND RICHARD ROE 4, <br><br> Plaintiffs, <br><br> v. <br><br> THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," <br><br> Defendants. | |

**DECLARATION OF JOEL B. ROTHMAN IN SUPPORT OF PLAINTIFFS'** *EX PARTE* **MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS**

I, Joel B. Rothman, declare and say:

1. I am an attorney for Plaintiffs, RICHARD ROE 1, RICHARD ROE 2, RICHARD ROE 3, AND RICHARD ROE 4 (collectively "Plaintiffs") in the above captioned action.

2. I submit this Declaration in support of Plaintiffs' Ex Parte Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service") on Defendants, the individuals, partnerships, and unincorporated associations identified on Schedule "A" to the Complaint in this action (collectively, "Defendants").

3. I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

4. Plaintiffs are moving for alternate service *ex parte* as Plaintiffs have yet to provide Defendants with notice of this action.

5. Plaintiffs filed their *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Application for TRO"), which is currently pending before the Court. I hereby incorporate by reference all factual allegations contained in my Declaration filed in support of Plaintiff's Application for TRO.

6. The instant Motion makes reference to Plaintiffs' Application for TRO, and as such, Plaintiffs seek to prevent premature disclosure of that filing. However, Plaintiffs are filing this Motion so that, in the event Plaintiffs' Application for TRO and the instant Motion are granted, Plaintiffs can effectuate service of process pursuant to Fed. R. Civ. P. Rule 4 simultaneously with providing notice of the Court's order on Plaintiffs' Application for TRO.

7. I know from multiple past actions that all online marketplaces have systems for electronic communication between the marketplaces and the sellers on the marketplaces. I also know from multiple past actions that all online marketplaces require sellers to have an active email address in order to sell on the marketplace platform in order to communicate with the marketplace and with purchasers. As a result, electronic mail is the most effective way in my experience to communicate with sellers on online marketplaces. This applies regardless of the marketplace and includes all the major marketplaces such as Ebay.com and many others.

8. I have good cause to believe that Defendants are residing and/or operating from foreign countries and/or redistribute products from sources in those locations. Plaintiffs investigated Defendants and determined their illegal operations are most likely based in and/or shipping from China or other foreign jurisdictions. Plaintiffs' investigation looked at multiple connection data points, such as information contained on Defendants'

actual individual seller stores operating under their respective Seller IDs, payment and shipping information, and the investigative data provided thereunder. Thus, Plaintiffs have good cause to believe Defendants are not residents of the United States.

9. In my experience, counterfeiters, such as Defendants, do not disclose their real locations or true identities. This is especially true for counterfeiters who sell infringing products through online marketplaces like these defendants. On many of the online marketplaces through which defendants sell their products, defendants do not provide accurate physical addresses or phone numbers, and some do not provide physical addresses or phone numbers at all. For the defendants that do provide addresses, many do not provide physical addresses in the English language. Rather, they only provide an e-mail address or a link to a messaging system for the purpose of communicating with the marketplace or the consumer.

10. As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with a valid electronic means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders. Defendants have structured their internet e-commerce store business so that the means for customers to purchase defendants' counterfeit and infringing goods at issue is by placing an order electronically. Defendants take and confirm orders online and rely on electronic means to receive payment and communicate with the online marketplaces.

11. Plaintiffs intend to provide each defendant with notice of this action electronically. Plaintiffs will send the Summons and Complaint to defendants via the

email addresses provided to the plaintiffs by the marketplaces in response to the TRO entered in this action.

13. Plaintiffs will additionally notify defendants of this action via website posting. Plaintiffs have created a website for notice and will be posting copies of the Complaint, the TRO, and all other pleadings, documents, and orders on file in this action on its designated website located at www.sriplaw.com/notice ("Plaintiffs' Website"), such that anyone accessing Plaintiffs' Website will find copies of all documents filed in this action. In this manner, Defendants can access all electronic filings to view, print, or download any document filed in the case similar to the Court's CM/ECF procedures. The address for Plaintiffs' Website will be provided to Defendants via their known e-mail accounts and will be included as part of service of process in this matter.

13. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra- Judicial Documents in Civil and Commercial Matters ("Hague Service Convention"), to which the United States and China are signatories. China has declared that it opposes the service of documents in their territory by the alternative means of service outlined in Article 10 of the Hague Service Convention, including the service of process by postal channels. However, the Hague Service Convention does not preclude service by e-mail or website publication, and the declarations to the Hague Service Convention filed by China does not expressly prohibit e-mail service website publication. Thus, there are no international agreements prohibiting service by e- mail or website posting. More information on the Hague Service Convention and a list of the signatory members is available at https://www.hcch.net/en/instruments/conventions/specialised-sections/service.

I declare under perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2023.

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number: 98220
joel.rothman@sriplaw.com